IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIE McCRARY and<br>CHARLENE McCRARY,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTRY MUTUAL<br>INSURANCE COMPANY,<br>d/b/a COUNTRY FINANCIAL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-CV-507-JED-PJC |

## OPINION AND ORDER

Before the Court is the Defendant's Motion to Compel Disclosure [Dkt. No. 13] in which Defendant asks the Court to require Plaintiffs to provide an "adequate computation of damages and evidentiary support as required." Specifically, Defendant asks that Plaintiffs be required to provide a computation of non-economic damages – emotional distress and punitive damages – and the "other expenses not listed, but still accruing" mentioned in the Plaintiffs' initial disclosures. Plaintiffs maintain that they are not required to offer a computation of non-economic damages because these are not susceptible to precise calculation. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

At a hearing held on January 23, 2014, the Court directed Plaintiffs to supplement their initial disclosures with respect to the "other expenses" (sewer

1

line repairs) which have accrued since November 22, 2013, the date the initial disclosures were provided. Plaintiffs were also directed to provide figures for any other economic damages they claim. This Order addresses Plaintiffs' obligations under Fed.R.Civ.P. 26(a)(1)(A)(iii) as to non-economic damages.

## Applicable Legal Principles

The Federal Rules of Civil Procedure provide that a party must include in its initial disclosures:

> A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Rule 26(a)(1)(A)(iii); *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 (10th Cir. 1999) ("A party must "automatically disclose 'a computation of any category of damages claimed' and must produce for inspection all materials on which it bases its computation.").

These computations are based on the information then reasonably available to the disclosing party and are subject to supplementation as discovery proceeds. Rule 26(a)(1)(E) and 26(e).

Rule 26 disclosures are designed to "accelerate" the exchange of basic information and help focus the parties on what discovery is necessary, either for settlement or for trial. *McKinney v. Reassure Am. Life Ins. Co.*, 2006 WL 3228791, at *2 (E.D.Okla. Nov. 2, 2006) (quoting *Sender v. Mann*, 255 F.R.D. 645, 650

(D.Colo. 2004). Disclosure of basic damages information is also required by principles of due process and fundamental fairness. *Id.*, at *2.

## Discussion

Courts have held that Rule 26(a)(1)(A)(iii) "is unambiguous – it applies to each category of damages claimed; it is not limited to economic damages." *Lucas v. Transamerica Life Ins. Co.*, 2011 WL 5148883, *1 (E.D.Ky. Oct. 21, 2011); *Richardson v. Rock City Mechanical Co.*, 2010 WL 711830, *3 (M.D.Tenn. Feb. 24, 2010); *McKinney, supra*. These courts have required a plaintiff to disclose a specific damage sum or range as to non-economic damages. The goal is to avoid trial by ambush. As the Court noted in *McKinney, supra*, "It is simply unfair for any defendant to remain in forced ignorance regarding this number [damages] until the rebuttal portion of a plaintiff's closing argument." 2006 WL 3228791, at *2 (citing *American Realty Trust, Inc. v. Matisse Partners LLC*, 2002 WL 1489543 (N.D.Tex. July 10, 2002). In *American Realty*, Plaintiff for the first time disclosed a claim for $30 million *after* close of discovery and less than two months before trial. *American Realty*, 2002 WL 1489543, at *1. The Court found this a clear violation of Rule 26 disclosures and barred any evidence of these damages.

The concern of trial by ambush is less, however, where the nature of the claim is revealed but the claim is for garden variety non-economic damages. In this situation, Courts have recognized the difficulty in computing non-economic damages. *E.g., De Varona v. Discount Auto Parts, LLC*, 2012 WL 2334703, *2

3

(S.D.Fla. June 19, 2012); *Gray v. Florida Dept. of Juvenile Justice*, 2007 WL 295514, *2 (M.D.Fla. Jan. 30, 2007); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D.Tex. 2005); *Sandoval v. Am. Building Maintenance Indus., Inc.*, 267 F.R.D. 257, 282 (D.Minn. 2007). These courts have not required plaintiff to provide a calculation of non-economic damages, at least where plaintiff does not intend to ask a jury for a specific dollar amount or range of compensation for such damages.

With respect to Plaintiffs' claim for emotional distress damages, if Plaintiffs intend to submit evidence as to the severity of their emotional distress, request a specific amount from the jury, or use expert testimony to support their emotional distress claim, they must provide Defendant with a computation of these damages. If Plaintiffs intend to make a "garden variety"[1] emotional distress claim, there is no basis for a computation. The matter is left to the discretion of the jury; however, Plaintiffs must at least advise Defendant of a number or range within which they believe their emotional distress damages fall. Who could better gauge this sort of "garden variety" emotional distress injury and the appropriate compensation? Defendant is entitled to know what

---

[1] A "garden variety" emotional distress claim is one "devoid of evidence of medical treatment or physical manifestation." *U.S. v. Hylton*, 944 F.Supp.2d 176, 196 (D.Conn. 2013). Garden variety claims include damages for mental anguish, mental distress, emotional pain, anxiety, embarrassment, humiliation, career disruption, and inconvenience foreseeably flowing from defendant's actions. *Kankam v. University of Kan. Hosp. Auth.*, 2008 WL 4369315, *4 (D.Kan. Sept. 23, 2008) (*citing Owens v. Sprint/United Mgt. Co.*, 221 F.R.D. 657, 659 (D.Kan. 2004).

4

the Plaintiffs believe is the economic value of this injury. Thus, Plaintiffs are not required to provide a damages computation if they are will not introduce evidence or testimony concerning the alleged emotional distress. However, Plaintiffs must provide an estimate of the emotional distress damages to which they believe they are entitled.

Punitive damages present a different situation. Punitive damages are not meant to compensate the Plaintiff for any injury. Punitive damages represent an assessment by the jury of an appropriate amount to *punish* the Defendant for certain egregious misconduct. *Thiry v. Armstrong World Indus.*, 661 P.2d 515, 518 (Okla. 1983). Unlike emotional distress damages, punitive damages are not uniquely within the Plaintiffs' knowledge. In considering a punitive damage award, the jury usually considers the net worth of the wrongdoer, and net worth is generally determined from financial records that are in the possession of the Defendant. A party is not required to provide a calculation of damages when that calculation depends on information in the possession of another party. *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 77 (D.Mass. 2008); Advisory Committee Notes, 1993 Amendments. Furthermore, this Court has historically denied Plaintiffs access to the Defendant's financial information until the Court first determines that a punitive damage claim will proceed. *E.g., Toussaint-Hill v. Montereau in Warren Woods*, 2007 WL 3231720, *1 (N.D.Okla. Oct. 29, 2007). For this reason, the Court concludes that under the circumstances presented

here, a computation of punitive damages is not required at this time. Should Plaintiffs determine that they will ask the jury for a specific amount of punitive damages or otherwise arrive at a specific dollar amount they will seek from the jury, they must supplement their discovery responses to provide that information in timely fashion.

Accordingly, Defendant's motion is **GRANTED IN PART**. Within 10 days of the date hereof, Plaintiffs are to supplement their initial disclosures to include all elements of economic damages claimed and update that information. Plaintiffs are to provide Defendant with a range of the monetary value of their claimed emotional distress damages.

Defendant's motion is **DENIED IN PART**. Plaintiffs are not required to provide a punitive damage computation until such time as the Court determines the punitive damage claim will proceed and they have been given the requisite net worth information upon which a punitive damage claim would be based.

Each party will bear its own attorney fees associated with this motion.

IT IS SO ORDERED this 28th day of January 2014.

_____
Paul J. Cleary
United States Magistrate Judge