**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIE MCCRARY and CHARLENE MCCRARY, | )<br>)<br>) Case No. 13-CV-507-JED-PJC |
| Plaintiffs, | ) |
| v. | ) |
| COUNTRY MUTUAL INSURANCE COMPANY d/b/a COUNTRY FINANCIAL, | ) |
| Defendant. | ) |

## <u>OPINION AND ORDER</u>

Before the Court are plaintiffs' Objections (Doc. 18) to Judge Cleary's Opinion and Order (Doc. 17) granting in part and denying in part the defendant's motion to compel plaintiffs to provide information about certain damages claimed by plaintiffs.

**I.   Background**

In a prior Opinion and Order, this Court deferred a ruling on the plaintiffs' motion to remand, in order to permit limited discovery regarding the amount in controversy at issue in this case. (Doc. 12). The authorization of the discovery was based in part on the refusal of plaintiffs' counsel to directly answer straightforward discovery requests regarding the amount in controversy. As a result, the Court exercised its discretion under *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) to defer ruling until the completion of such discovery. Thus, the Court provided deadlines for (1) plaintiffs to provide initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages claimed" and (2) defendant to file any discovery motions related to the amount in controversy in the case. (*See* Doc. 12 at 10).

The plaintiffs timely provided the ordered initial disclosures, which included an itemized list of certain expenses which plaintiff labeled "contract benefits." (Doc. 13-1 at 3). Plaintiffs' disclosures did not provide information about any other damages, but stated that "[o]ther categories of damages, such as emotional distress, humiliation, etc., as well as punitive damages, are all not subject to computation." (*Id.*). The defendant moved to compel the plaintiff to provide computations of all damages categories. (Doc. 13). Judge Cleary granted the motion to compel, in part, requiring plaintiffs to "supplement their initial disclosures to include all elements of economic damages claimed and update that information" and "to provide Defendant with a range of the monetary value of their claimed emotional distress damages." (Doc. 17 at 6). The motion to compel was also denied in part, to the extent that Judge Cleary determined that the plaintiffs "are not required to provide a punitive damage computation" at this time. (*Id.*).

Plaintiffs object to Judge Cleary's Opinion and Order to the extent it requires plaintiffs to provide a range of the value of their claimed emotional distress damages, which plaintiffs contend are not subject to computation.

## II.   Standard of Review

Federal magistrate judges may hear and determine pretrial discovery matters that are not dispositive of the case, and when appropriate, they will issue a written order of the decision. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). The district court is to review any objections to the order and may set aside or modify the order only where it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). Under the clearly erroneous standard, the district court "[must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006), quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

**III.     Discussion**

As noted, plaintiffs object to Judge Cleary's order to the extent it requires them to provide information about the value of the emotional damages plaintiffs seek. In support of their objections, they cite authorities which recognize that garden variety emotional damages are generally not subject to specific computation. Judge Cleary recognized the existence of such authorities, in which courts "recognized the difficulty in computing non-economic damages," and noted that "[the cited] courts have not required plaintiff to provide a calculation of non-economic damages, at least where plaintiff does not intend to ask a jury for a specific dollar amount or range of compensation for such damages." (Doc. 17 at 3-4). Judge Cleary analyzed that case law, as well as cases in which courts required a plaintiff to disclose a range or sum of non-economic damages in order to avoid a trial by ambush. (*Id.* at 3). After discussing the approaches different courts have taken, Judge Cleary stated:

> With respect to Plaintiffs' claim for emotional distress damages, if Plaintiffs intend to submit evidence as to the severity of their emotional distress, request a specific amount from the jury, or use expert testimony to support their emotional distress claim, they must provide Defendant with a computation of these damages. If Plaintiffs intend to make a "garden variety" emotional distress claim [one which is devoid of medical treatment or physical manifestation], there is no basis for a computation. The matter is left to the discretion of the jury; however, Plaintiffs must at least advise Defendant of a number or range within which they believe their emotional distress damages fall. Who could better gauge this sort of "garden variety" emotional distress injury and the appropriate compensation? Defendant is entitled to know what the Plaintiffs believe is the economic value of this injury. Thus, Plaintiffs are not required to provide a damages computation if they are [sic] will not introduce evidence or testimony concerning the alleged emotional distress. However, Plaintiffs must provide an estimate of the emotional distress damages to which they believe they are entitled.

(*Id.* at 4-5).

Judge Cleary's balanced approach is not clearly erroneous or contrary to law. Rather, the judge thoroughly examined the distinctions made by different courts in analyzing disclosures of non-economic or emotional distress damages, and he provided clear direction to the plaintiffs as to whether and to what extent they must provide a computation or other information supporting their claims to have suffered emotional distress. His approach is consistent with the Federal Rules of Civil

Procedure regarding initial disclosures as to damages. Rule 26(a)(i)(A)(iii) requires a plaintiff to provide "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Judge Cleary correctly noted that the language of Rule 26(a)(i)(A)(iii) does not exempt non-economic damages (*see* Doc. 17 at 3), and his order directing that plaintiffs provide an estimate or range of the emotional distress damages they intend to seek at trial is entirely consistent with requiring that plaintiff provide information "bearing on the nature and extent of injuries suffered," as required under Fed. R. Civ. P. 26(a)(i)(A)(iii).

The order is also consistent with the provisions of Fed. R. Civ. P. 37(c)(1), which provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Judge Cleary's order properly balances the purposes of Rules 26(a) and 37(c) and related concerns as to trial by ambush, by requiring alternatively that, (1) *if* plaintiffs "intend to submit evidence as to the severity of their emotional distress, request a specific amount from the jury, or use expert testimony to support their emotional distress claim," they shall provide a computation, *or* (2) they must notify the defendant of the general "range" or "estimate" of the value of any emotional distress damages to which they believe they are entitled. (Doc. 17 at 3-6).

Judge Cleary's order is also in harmony with the reasoning of other courts ruling on discovery of emotional distress damages. For example, in *Sandoval v. American Bldg. Maint. Ind., Inc.*, 267 F.R.D. 257, 281-83 (D. Minn. 2007), the court recognized different levels of disclosure which should be required, depending upon whether the plaintiff intends to present evidence

4

supporting a specific amount of emotional distress damages or merely intends to let the jury decide the issue based upon an unspecified claim of emotional distress damages. The specific ruling in *Sandoval*, which is similar to Judge Cleary's order here, required the plaintiffs to disclose to the defendant the basis for any amount of emotional distress damages that the plaintiffs would request the jury to award. *See* 267 F.R.D. at 282. This makes sense because, if the plaintiffs intend to present evidence supporting a claimed amount of emotional distress, under Rule 26(a)(i)(a)(iii), they must disclose any evidentiary "materials bearing on the nature and extent of injuries suffered." And, even if they do not intend to present expert testimony or specific evidence but intend to ask the jury for a particular amount of damages for emotional distress, they should be required to disclose that amount, by range or estimate, to the defendants in advance of trial, rather than ambush them at trial. *See, e.g., Sandoval*, 267 F.R.D. at 282; *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639-40 (E.D. Wash. 2011) ("if Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails to supplement its Rule 26 disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial"); *Warren v. Bastyr Univ.*, 2:11-CV-01800-RSL, 2013 WL 1412419 (W.D. Wash. Apr. 8, 2013) (requiring plaintiff to supplement initial disclosures to the extent that plaintiff intended to request a dollar amount for emotional distress so that defendant would know the factual basis of the request and have any documents supporting such request).

While it is true that the ultimate amount of non-economic damages, if any, to be awarded plaintiffs will be determined by a jury, in this Court's view, that does not relieve the plaintiffs from disclosing any specific evidence they intend to utilize at trial in support of their request for emotional distress or from disclosing any dollar range they intend to request from the jury. Otherwise, plaintiffs could surprise the defendants at trial with a specific request for $1,000,000

for claimed emotional harm that was never previously disclosed, contrary to the spirit and intent of the applicable discovery Rules.

## IV.     Conclusion

The Court agrees with Judge Cleary's analysis and finds that his Opinion and Order is not clearly erroneous or contrary to law. Accordingly, the plaintiffs' Objections (Doc. 18) are **overruled**, and the Opinion and Order (Doc. 17) is **affirmed**.

SO ORDERED this 9th day of May, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE